Gurmeet **SINGH**; et al., **Petitioners**,

v.

Eric H. **HOLDER** Jr., **Attorney General, Respondent.**

No. 05–74035.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 15, 2009.

Filed July 24, 2009.

Richard E. Oriakhi, Esquire, Law Office of Richard E. Oriakhi, San Francisco, CA, for Petitioners.

Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Gregory Darrell Mack, Esquire, Senior Litigation Counsel, Erika Ritt, Esquire, U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, for Respondent.

Before: HALL, W. FLETCHER, and PAEZ, Circuit Judges.

MEMORANDUM *

Gurmeet Singh and wife, Rajinder Kaur, (collectively "Petitioners") petition for review of the Board of Immigration Appeals's ("BIA") decision to uphold the Immigration Judge's ("IJ") denial of their applications for asylum, withholding of removal, and relief under the Convention

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. The parties know the facts, and we need not recite them here. We grant the petition in part and deny in part.

Because the IJ denied the CAT claim and Petitioners did not contest the denial before the BIA, this court lacks jurisdiction to review that claim. *See* 8 U.S.C. § 1252(d)(1); *Zara v. Ashcroft*, 383 F.3d 927, 930 (9th Cir.2004). Furthermore, this panel lacks jurisdiction to review Petitioners' asylum claim given that, even if they prevailed on their eligibility arguments, they failed to exhaust the discretionary denial, preventing the panel from reaching the necessary second step of whether they were entitled to asylum relief. *See* 8 U.S.C. § 1252(d)(1); *Zara v. Ashcroft*, 383 F.3d 927, 930 (9th Cir.2004); *Ladha v. INS*, 215 F.3d 889, 903 (9th Cir.2000).

Nonetheless, we grant and remand on the withholding of removal claim. Though the IJ provided several bases for denying this claim, none of them may be upheld. Each of the IJ's bases for his adverse credibility determination is either unsupported by substantial evidence or an improper basis for such a determination. *See Wang v. INS*, 352 F.3d 1250, 1254 (9th Cir.2003); *Sidhu v. INS*, 220 F.3d 1085, 1091 (9th Cir.2000); *Garrovillas v. INS*, 156 F.3d 1010, 1014–15 (9th Cir.1998); *Shire v. Ashcroft*, 388 F.3d 1288, 1295 (9th Cir.2004); *Zheng v. Ashcroft*, 397 F.3d 1139, 1145 (9th Cir.2005). Once Petitioners' claims are deemed credible, they demonstrate past persecution by the government on the basis of political opinion. *See* 8 C.F.R. § 1208.16(b)(1)(I); *Baballah v. Ashcroft*, 367 F.3d 1067, 1074 (9th Cir. 2004); *Guo v. Ashcroft*, 361 F.3d 1194, 1203 (9th Cir.2004). The IJ erred in finding that the Government rebutted the pre-

sumption of future persecution through changed country conditions because the Government showed no change since the 2002 persecution. *See* 8 C.F.R. § 1208.16(b)(1)(i)(A). Because the IJ did not consider whether the Government rebutted the presumption of future persecution by establishing that Petitioners could reasonably relocate, we remand on this issue. *See* 8 C.F.R. § 1208.16(b)(1)(i)(B); *Mashiri v. Ashcroft*, 383 F.3d 1112, 1122 (9th Cir.2004); *Lopez v. Ashcroft*, 366 F.3d 799, 805–06 (9th Cir.2004); *Hasan v. Ashcroft*, 380 F.3d 1114, 1122 (9th Cir.2004); *Navas v. INS*, 217 F.3d 646, 658 n. 16 (9th Cir.2000).

The petition is thus **GRANTED** in part and **DENIED** in part, and we remand for further proceedings.